■ In the Matter of LAWRENCE KALKSTEIN et al., Appellants, v THOMAS DiNAPOLI, as Chair of the New York State Assembly Standing Committee on Governmental Operations, et al., Respondents. [677 NYS2d 645] —Per Curiam. Appeal from an order of the Supreme Court (Keegan, J.), entered July 27, 1998 in Albany County, which, *inter alia*, granted respondents' motion to compel petitioners to comply with a legislative subpoena as directed by a prior court order.

At issue on this appeal is whether petitioners have fully complied with the July 1996 order of Supreme Court (Harris, J.) directing them to comply with a legislative subpoena that was issued in connection with an investigation into the fundraising activities of New York Inaugural '95, Inc. and New York Transition '95, Inc. (hereinafter the corporations). These two for-profit corporations were formed following the November 1994 election of Governor George Pataki for the purpose, respectively, of managing his inauguration events and transitional period. When this matter was previously before this Court (*see*, 228 AD2d 28, *appeal dismissed, lv denied* 89 NY2d 1008), we, *inter alia*, affirmed the July 1996 order to the extent that it directed petitioners to comply with the subpoena by producing the names of the contributors to the corporations, the amount of their contributions, and "where, to whom and for what such moneys were spent" (228 AD2d 28, 30, *supra*). Dissatisfied with the furnished documentation, respondents thereafter moved to compel petitioners to comply with the July 1996 order by more specifically describing the purpose and recipient of certain corporate disbursements of contributed moneys. In July 1998, Supreme Court (Keegan, J.) granted the motion and directed petitioners to provide respondents with a new list of disbursements. This appeal by petitioners ensued.

We affirm. Petitioners' response to the subpoena included a list documenting the corporate expenditures of contributed moneys which fails to satisfy that portion of the 1996 order requiring a statement of "where, to whom and for what such moneys were spent". The list itemizes nearly $60,000 in credit card expenditures without indicating the name of the recipient. Moreover, certain entries fail to identify the purpose of the expenditure other than to state that they were made for the

purchase of unidentified "services". As these incomplete disclosures are insufficient to comply with the July 1996 order, Supreme Court's July 1998 order is affirmed.

Cardona, P. J., Mikoll, Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs, and petitioners are directed to comply with Supreme Court's July 15, 1996 directive within 15 days after the date of this Court's decision.